NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3834
_____

JERALD KING,
Derivatively on behalf of Cephalon Inc.,
Appellant

v.

FRANK BALDINO, JR.; WILLIAM P. EGAN;
MARTYN D. GREENACRE; VAUGHN M. KAILIAN;
KEVIN E. MOLEY; CHARLES A. SANDERS;
GAIL R. WILENSKY; DENNIS L. WINGER;
CEPHALON INC., a Delaware Corporation

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-08-cv-00054)
District Judge: Honorable Gregory M. Sleet
Magistrate Judge:  Honorable Mary Pat Thynge

_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2010

Before:  RENDELL, JORDAN and HARDIMAN, Circuit Judges

(Opinion Filed: December 14, 2010)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Jerald King, a shareholder, brought this derivative suit on behalf of the biopharmaceutical company Cephalon, Inc., alleging that the defendant officers and directors failed adequately to oversee Cephalon's sales and promotions practices with respect to its products Actiq, Provigil, and Gabitril. King alleges, further, that the officers' and directors' failure in that regard resulted in large losses and potential future losses to the company arising from federal and state investigations into Cephalon's marketing practices, including a $425 million settlement Cephalon entered into with the federal government to settle federal and state Medicaid claims related to those practices.

King appeals the order of the Magistrate Judge granting the defendants' motion for judgment on the pleadings because King failed to plead that a pre-suit demand on the board would have been futile.[1] For substantially the reasons set forth in the Magistrate Judge's thorough and well reasoned opinion, *King v. Baldino*, 648 F. Supp. 2d 609 (D. Del. 2009), we will affirm.

## I.

Federal Rule of Civil Procedure 23.1 requires derivative plaintiffs to plead with particularity "(A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; or (B) the reason for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3). Although Rule 23.1 provides the pleading standard for derivative actions in federal court,

---

[1] The parties consented to have a magistrate judge decide the case under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72.

the substantive rules for determining whether a plaintiff has satisfied that standard "are a matter of state law." *Blasband v. Rales*, 971 F.2d 1034, 1047 (3d Cir. 1992) (citing *Kamen v. Kemper Fin. Servs.*, 500 U.S. 90 (1991); other citations omitted).

Under Delaware law, which applies in this case because Cephalon is a Delaware corporation, whether a plaintiff has adequately pleaded demand futility depends on "whether or not the particularized factual allegations . . . create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested judgment in responding to a demand." *Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993). In this case, the District Court found that King failed to plead facts showing that the defendants lacked independence, *King*, 648 F. Supp. at 618-19, and King does not challenge that determination on appeal.

Instead, King's appeal focuses on the second prong, whether he pleaded that the defendants were insufficiently "disinterested" to respond to a demand. To plead that directors are not sufficiently "disinterested," a plaintiff must plead facts establishing that they "face a 'substantial likelihood' of personal liability." *Guttman v. Huang*, 823 A.2d 492, 501 (Del. Ch. 2003). In other words, the facts pleaded must establish a "substantial likelihood" of success on the merits of plaintiff's claims. In this case, the hurdle for establishing that the directors face a "substantial likelihood" of liability is particularly high, because the type of claim that King asserts — based on officers' and directors' alleged failure properly to oversee the corporation — is "possibly the most difficult theory in corporation law upon which a plaintiff might hope to win a judgment." *In re Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959, 967 (Del. Ch. 1996). A plaintiff

3

may only establish a "substantial likelihood" of liability on such a claim by pleading particular facts that show:

> (1) that the directors knew or (2) should have known that violations of law were occurring and, in either event, (3) that directors took no steps in a good faith effort to prevent or remedy that situation, and (4) that such failure proximately resulted in the losses complained of.[2]

*Id.* at 971.

A plaintiff may satisfy this standard by alleging facts that show an utter failure to oversee the corporation, e.g., "the company entirely lacked an audit committee or other important supervisory structures, or . . . a formally constituted audit committee failed to meet." *David B. Shaev Profit Sharing Account v. Armstrong*, No. 1449-N, 2006 WL 391921, at *5 (Del. Ch. Feb. 13, 2006) (footnotes and citations omitted). Alternatively, a plaintiff may plead facts showing that "'the directors were conscious of the fact that they were not doing their jobs,'" and that they "ignored 'red flags' indicating misconduct in defiance of their duties." *Id.* (quoting *Guttman*, 823 A.2d at 506-07). "Red flags" in this context are "facts showing that the board ever was aware that [the corporation's] internal controls were inadequate." *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006).

## II.

We agree with the Magistrate Judge that King's complaint failed to satisfy that standard. As a preliminary matter, the complaint's demand futility allegations are framed in rote, conclusory language from the caselaw. They do not contain "particularized

---

[2] The fourth element, proximate cause, may be considered an affirmative defense that does not need to be pleaded in the complaint. *Caremark*, 698 A.2d at 971.

4

facts," and, more specifically, do not "identify which individual director defendants breached his or her fiduciary duties, and when those duties were breached." *King*, 648 F. Supp. 2d at 623.

King also did not allege with particularity facts indicating that Cephalon lacks adequate oversight systems. As the Magistrate Judge observed, the complaint acknowledges the existence of certain controls at Cephalon, including an Audit Committee and internal compliance auditors, but does not allege any procedural deficiencies in those mechanisms. *Id.* at 622-23. On appeal, King argues that the fact of violations of law, as evidenced by Cephalon's settlement with the federal government, establishes that Cephalon's internal control systems were inadequate. But this understates the plaintiff's pleading requirement. Delaware law requires the plaintiff to allege particularized facts concerning the inadequacies in the corporation's oversight mechanisms. Having failed to do so, King's complaint cannot survive defendants' motion for judgment on the pleadings. *See id.* at 621-22 & n. 58, 59 (citations omitted).

King further failed to allege "red flags," in the sense of "facts showing that the board ever was aware that [the corporation's] internal controls were inadequate." *Stone*, 911 A.2d at 370. The purported "red flags" that King cites all involve the *company's* marketing and sales practices. King does not allege any specific connection between any of those practices and the *board*. In the absence of facts showing that the board was aware of any of those actions, the Magistrate Judge's holding that King's complaint was inadequate was correct.

5

As the Magistrate Judge observed, this case is like a number of derivative cases brought in Delaware courts that have been dismissed because they seek "to equate a bad outcome with bad faith." *King*, 648 F. Supp. 2d at 626. Like the plaintiffs in those other cases, King "fail[s] to realize that the directors' good faith exercise of oversight responsibility may not prevent employees from violating the laws, or from causing the corporation to incur significant financial liability, or both." *Stone*, 911 A.2d at 373, *quoted in King*, 911 A.2d at 626. Without particularized facts that the directors knew or should have known about the misconduct and consciously failed to act, King cannot establish that the defendants face a "substantial likelihood" of personal liability on his claims.

## III.

Finally, there is some discussion in the briefs as to whether King should have the opportunity to amend his complaint. It appears that King requested leave to amend in the District Court, but only in one sentence in the conclusion of his response to defendants' motion for judgment on the pleadings. King has not submitted a proposed amended complaint or explained, to the Magistrate Judge or to this Court, how an amended pleading would cure the defects in his original complaint. Given those failures, the Magistrate Judge did not abuse her discretion in granting defendants' motion with prejudice. *Cf. Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 125-26 (3d Cir. 2010) (no abuse of discretion to deny leave to replead where "there was 'no indication' that repleading would correct the defects").

6

**IV.**

For the foregoing reasons, we will affirm the order of the District Court.